UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NOVUS GROUP, LLC,** | ) | Case No. 2:19-cv-00208 |
| | ) | |
| Plaintiff, | ) | Chief Judge Edmund A. Sargus |
| | ) | |
| v. | ) | Magistrate Judge Elizabeth Preston Deavers |
| | ) | |
| **PRUDENTIAL FINANCIAL INC.,** | ) | |
| *ET AL.*, | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants, Prudential Financial, Inc., The Prudential Insurance Company of America, Pruco Life Insurance Company, Pruco Life Insurance Company of New Jersey, Prudential Annuities, Inc., Prudential Annuities Life Assurance Corporation, and Prudential Annuities Distributors, Inc. (collectively, "Defendants"), submit their answer and affirmative defenses to the Amended Complaint (ECF No. 21) of Plaintiff, Novus Group, LLC, as follows:

### Parties

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1 of the Amended Complaint and therefore deny the same.

2. Defendants admit that Prudential Financial, Inc. is a publicly-traded New Jersey corporation with a principal place of business in New Jersey, but Defendants deny any remaining allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendants admit that The Prudential Insurance Company of America is a New Jersey corporation with a principal place of business in New Jersey and is a wholly-owned

subsidiary of Prudential Financial, Inc., but Defendants deny any remaining allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendants admit that Pruco Life Insurance Company is an Arizona corporation with a principal place of business in New Jersey and is an indirect wholly-owned subsidiary of Prudential Financial, Inc., but Defendants deny any remaining allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendants admit that Pruco Life Insurance Company of New Jersey is a New Jersey corporation with a principal place of business in New Jersey and is an indirect wholly-owned subsidiary of Prudential Financial, Inc., but Defendants deny any remaining allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendants admit that Prudential Annuities, Inc. is a Delaware corporation with a principal place of business in Connecticut and is an indirect wholly-owned subsidiary of Prudential Financial, Inc., but Defendants deny any remaining allegations contained in Paragraph 6 of the Amended Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 9 of the Amended Complaint and therefore deny the same.

10. Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

## Jurisdiction and Venue

11. Defendants admit the allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Amended Complaint.

## Facts Common to All Counts

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14 of the Amended Complaint and therefore deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 15 of the Amended Complaint and therefore deny the same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 16 of the Amended Complaint and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 17 of the Amended Complaint and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 18 of the Amended Complaint and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19 of the Amended Complaint and therefore deny the same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 20 of the Amended Complaint and therefore deny the same.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 21 of the Amended Complaint and therefore deny the same.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22 of the Amended Complaint and therefore deny the same.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the Amended Complaint and therefore deny the same.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the Amended Complaint and therefore deny the same.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 25 of the Amended Complaint and therefore deny the same.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 26 of the Amended Complaint and therefore

deny the same.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 27 of the Amended Complaint and therefore deny the same.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 28 of the Amended Complaint and therefore deny the same.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 29 of the Amended Complaint and therefore deny the same.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 30 of the Amended Complaint and therefore deny the same.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 31 of the Amended Complaint and therefore deny the same.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 32 of the Amended Complaint and therefore deny the same.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 33 of the Amended Complaint and therefore deny the same.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth

or accuracy of the allegations contained in Paragraph 34 of the Amended Complaint and therefore deny the same.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 35 of the Amended Complaint and therefore deny the same.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 36 of the Amended Complaint and therefore deny the same.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 37 of the Amended Complaint and therefore deny the same.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 38 of the Amended Complaint and therefore deny the same.

39. Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

42. Defendants admit that Pruco Life Insurance Company offers an enhanced death benefit rider named "Legacy Protection Plus" as an optional benefit rider that purchasers of Prudential Premier Retirement variable annuities can elect at the time they purchase their contract,

but Defendants deny any remaining allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint, including all subparagraphs.

44. Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

**COUNT I – MISAPPROPRIATION OF TRADE SECRETS**
**[Uniform Trade Secrets Act, as adopted by**
**Ohio (Ohio R.C. §§ 133.61 et seq.),**
**New Jersey (N.J.S.A. 56:15-1 et seq.), and**
**Connecticut (Conn. Gen. Stat. §§ 35-50 et seq.)]**

48. Defendants incorporate by reference their responses to Paragraphs 1 through 47 as though fully rewritten herein.

49. Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

## COUNT II – UNJUST ENRICHMENT UNDER NEW JERSEY LAW

56. Defendants incorporate by reference their responses to Paragraphs 1 through 55 above as though fully rewritten herein.

57. To the extent any response is required following the Court's dismissal of Plaintiff's unjust enrichment claim, Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58. To the extent any response is required following the Court's dismissal of Plaintiff's unjust enrichment claim, Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59. To the extent any response is required following the Court's dismissal of Plaintiff's unjust enrichment claim, Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60. To the extent any response is required following the Court's dismissal of Plaintiff's unjust enrichment claim, Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61. To the extent any response is required following the Court's dismissal of Plaintiff's unjust enrichment claim, Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

### COUNT III – CONVERSION UNDER NEW JERSEY LAW

62. Defendants incorporate by reference their responses to Paragraphs 1 through 61 as though fully rewritten herein.

63. To the extent any response is required following the Court's dismissal of Plaintiff's conversion claim, Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64. To the extent any response is required following the Court's dismissal of Plaintiff's conversion claim, Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65. To the extent any response is required following the Court's dismissal of Plaintiff's conversion claim, Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

66. To the extent any response is required following the Court's dismissal of Plaintiff's conversion claim, Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67. Defendants deny any allegations contained in the "WHEREFORE" clause at the end of the Amended Complaint.

68. Defendants deny any allegations not specifically admitted herein.

### AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. Any damages alleged to have been suffered by Plaintiff were proximately caused by Plaintiff's own conduct, acts, and/or omissions, and not the conduct of Defendants.

3. Any damages alleged to have been suffered by Plaintiff were proximately caused by the conduct, acts, and/or omissions of another, or others, over whom Defendants had no control and for whose conduct Defendants are not legally liable.

4. Plaintiff has failed to mitigate its damages, if any.

5. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

6. Plaintiff's claims are barred by the doctrine of unclean hands.

7. Plaintiff's claims are barred by the doctrine of laches.

8. Plaintiff's claim for punitive damages fails because Defendants at all times acted in good faith and without malice, reckless indifference to rights, or other improper motives, and Plaintiff has failed to allege facts sufficient to permit an award of punitive damages.  Further, any claim for punitive damages is subject to constitutional limitations, which are not satisfied under the circumstances presented in this case.

9. Plaintiff's claims seek to stifle ordinary competition or otherwise contravene public policy.

10. Plaintiff's claims fail because Plaintiff failed to take reasonable steps to protect the secrecy of its alleged trade secrets.

11. Plaintiff's claims fail because Plaintiff's alleged trade secrets are and have at all relevant times been in the public domain.

12. Plaintiff's claims fail because Legacy Protection Plus was independently developed without reference to or knowledge of Plaintiff's alleged trade secrets.

13. Plaintiff is not entitled to injunctive relief, because any injury to it is not immediate

and irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

14. Defendants reserve the right to raise additional affirmative defenses to the Amended Complaint as the same become known during the course of discovery and/or trial herein.

**WHEREFORE**, having fully answered, Defendants demand that Plaintiff's Amended Complaint be dismissed, that Defendants be awarded all costs, expenses, and attorneys' fees, and that this Court enter all other relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Rachael L. Rodman*
Rachael L. Rodman (0073872)
Trial Attorney
ULMER AND BERNE, LLP
65 East State Street, Suite 1100
Columbus, Ohio 43215
614.229.0038 (telephone)
614.229.0039 (facsimile)
rrodman@ulmer.com

Michael N. Ungar (0016989)
ULMER & BERNE LLP
Skylight Office Tower
1660 West Second Street, Suite 1100
Cleveland, OH 44113
Tel: (216) 583-7000
Fax: (216) 583-7001
mungar@ulmer.com

Michael P. Sandonato (*pro hac vice*)
Christopher P. Borello (*pro hac vice*)
Joshua D. Calabro (*pro hac vice*)
VENABLE LLP
1290 Avenue of the Americas, 20th Floor
New York, NY 10104
212.218.2100 (telephone)
212.218.2200 (facsimile)
msandonato@venable.com
cborello@venable.com
jdcalabro@venable.com

*Attorneys for Defendants*

# JURY DEMAND

Defendants hereby request trial by jury for all issues so triable.

*/s/ Rachael L. Rodman*
Rachael L. Rodman (0073872)

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 9, 2019, a true and correct copy of the foregoing was electronically filed with the Court and served on all counsel of record via CM/ECF.

                                              */s/ Rachael L. Rodman*
                                              Rachael L. Rodman (0073872)