IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NOVUS GROUP, LLC,**

    **Plaintiff,**

    vs.

**PRUDENTIAL FINANCIAL INC.,** *et al.,*

    **Defendants.**

Case No. 2:19-cv-208

Judge Edmund A. Sargus, Jr.

Magistrate Judge Elizabeth P. Deavers

## <u>ORDER</u>

This matter is before the Court on two unopposed motions for leave to file under seal. (ECF Nos. 106, 107.) The first, filed by Defendants, seeks leave to file under seal their response to Plaintiff's motion to exclude the testimony of Dr. Constantijn Panis. (ECF No. 106.) The second, filed by Plaintiff, seeks leave to file under seal its response to Defendants' motion for summary judgment. (ECF No. 107.) The motions are **GRANTED** to the extent set forth below.

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can

justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id.* (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Defendants explain that their response discusses and attaches documents and deposition transcripts that they and Plaintiff have designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY." They describe the documents and

2

deposition transcripts as containing "proprietary information on their strategic plans, assessments of competition, and product development processes, including details regarding how they designed and priced the accused Legacy Protection Plus rider." Additionally, they explain that their response also discusses and attaches documents and deposition transcripts that include the parties' confidential business planning and product development processes.

For its part, Plaintiff asserts that its response discusses and attaches documents and deposition transcripts that it, Defendants and third-parties have designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY." According to Plaintiff, these documents and deposition transcripts contain proprietary information concerning the parties' confidential business planning, product development processes, strategic plans, assessments of competition, and product development processes. Plaintiff further explains that the documents and information contain trade secrets and confidential business information.

The Court finds that the existence of sensitive business and financial information is a compelling reason in support of non-disclosure. However, as the parties appear to recognize and the above authority dictates, any sealing must be appropriately limited in scope. For this reason, the parties' motions are **GRANTED** to the following extent. They may make their respective filings, including all exhibits, under seal provided they file a redacted version on the public record within seven (7) days of the initial filing.

Accordingly, the motions for leave to file under seal (ECF Nos. 106, 107) are **GRANTED.** Within seven (7) days of their initial filings**,** the parties shall file redacted versions, including redacted versions of any exhibits, on the public record.

**IT IS SO ORDERED.**

**DATED:  June 21, 2022**         /s/ *Elizabeth A. Preston Deavers*
                                  **ELIZABETH A. PRESTON DEAVERS**
                                  **UNITED STATES MAGISTRATE JUDGE**