## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**NOVUS GROUP, LLC,**

     **Plaintiff,**

  v.

**PRUDENTIAL FINANCIAL INC.,** *et al.***,**

    **Defendants.**

**Case No. 2:19-cv-0208**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth Preston Deavers**

### OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Entry of Judgment. (ECF No. 137.) Defendants moved this Court to enter judgment in favor of Defendants for costs ($34,688.10) taxed against Plaintiff Novus Group, LLC. (*Id.*) Novus does not oppose the Motion. (ECF No. 138.)  For the reasons below, the Court **GRANTS** Defendants' Motion.

### I.  BACKGROUND

In August 2022, this Court granted Defendants' motion for summary judgment. (ECF No. 122.) Soon after Defendants filed a Bill of Costs. (ECF No. 126.) Novus responded (ECF No. 127) and Defendants replied (ECF No. 131). But Novus filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit (ECF No. 124) and the Clerk deferred taxation of costs pending appeal. A year after this Court entered judgment for Defendants, the Sixth Circuit issued an Opinion and Judgment and a Mandate affirming this Court's judgment. (ECF Nos. 133, 134.) The Clerk of Courts then issued a Memorandum on Bill of Costs and allowed costs in the amount of $34,688.10 to be taxed against Novus. (ECF Nos. 135, 136.) In October 2023, the Clerk required Novus to file and serve a motion to review the Clerk's taxation of costs within

1

seven days, under Rule 54(d) of the Federal Rules of Civil Procedure. (ECF No. 135, PageID 6129.) Novus did not seek review of the decision taxing costs against it.

Defendants then moved this Court for an entry of judgment against Novus in the amount of $34,688.10 to cover the costs and fees associated with deposition transcripts used and read into the record in the underlying litigation. (*See* ECF No. 137; ECF No. 135, PageID 6128–29.) Defendants argue the separate entry is necessary to supplement judgment and collect the unpaid costs. (ECF No. 137, PageID 6134.) Novus did not oppose the Motion, but filed a Response to inform the Court that Novus is currently in dissolution proceedings in the State of Ohio. (ECF No. 138, PageID 6140.)

## II.    STANDARD OF REVIEW

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs, other than attorneys' fees, should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). This Rule thus creates a presumption in favor of an award of costs. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The unsuccessful party bears the burden of overcoming the presumption that favors awarding costs to the prevailing party. *Id.* at 732.

Costs recoverable under Rule 54(d) are outlined in 28 U.S.C. §1920. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). Section 1920 allows a court to tax the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of 28 U.S.C.; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees,

expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920(1)–(6).

### III.    ANALYSIS

Here, Prudential seeks the fees for printed or electronically recorded transcripts necessarily obtained for use in the case. (ECF No. 136, PageID 6130.) This Court granted summary judgment in favor of Defendants (ECF No. 122), and the Sixth Circuit affirmed that judgment (ECF No. 133). Defendants are thus the prevailing party and are entitled to a presumption of an award of costs. *See White & White*, 786 F.2d at 730. Since Novus does not oppose the Motion (ECF No. 138), the Court finds that judgment should be supplemented to include the unpaid costs taxed against Novus.

### IV.    CONCLUSION

The Court **GRANTS** Defendants' Motion (ECF No. 137). The Clerk shall **ENTER** a separate judgment awarding costs in favor of Defendants in the amount of $34,688.10. This case remains closed.

**IT IS SO ORDERED.**

**1/19/2024**                                        **s/Edmund A. Sargus, Jr.** _____
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                                  **UNITED STATES DISTRICT JUDGE**